UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN and HARVEY EVERETT,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC. and EDY KLEIN,<br><br>　　　Defendants. | 08-C-0579<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Nolan |

**DEFENDANT INVSCO GROUP, LTD.'S MOTION TO DISMISS
PLAINTIFF TERRY'S CLAIMS PURSUANT TO FRCP 12(B)(6) AND 12(B)(3)**

Defendant Invsco Group, Ltd., by and through its attorneys, The Patterson Law Firm, PC, and for its Motion to Dismiss Plaintiff Terry's Title VII Claims Pursuant to FRCP 12(b)(6) and 12(b)(3) states as follows:

**Introduction**

1.　This case involves the allegations of four doormen who believe that Invsco discriminated against them based on race.

2.　Defendant Invsco Group, Ltd. ("Invsco")[1] attended mediation through the Illinois Department of Human Rights ("IDHR") with Plaintiffs Terry, Brown and Smith.  Because Terry and Invsco were able to enter into a settlement agreement, Terry was never issued a right to sue letter

---

[1] Invsco notes that Terry's Charge of Discrimination was actually against, "American Invsco Group," which entity does not exist.

against Invsco and Invsco was never given notice of any right to sue letter for Terry.

3. Because Terry was not issued a right to sue letter, Terry has not stated a claim upon which relief can be granted, so his charges must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Because Terry released his claims pursuant to a Settlement Agreement, and because the Illinois Human Rights Commission ("IHRC") retained jurisdiction over Terry's charges of discrimination, this Court lacks subject matter jurisdiction.

**Settlement Agreement**

5. On or about June 6, 2007, Plaintiff Robert Terry filed a Charge of Discrimination against Invsco with the IDHR and EEOC. (Charge of Discrimination, attached hereto as Exhibit A.)

6. Terry's complaint alleged that he was harassed by Edy Klein based on race and that other similarly situated doormen were not similarly verbally harassed. (Ex. A at 2.)

7. On or about August 10, 2007, Terry and counsel for Invsco attended mediation with the State of Illinois, Human Rights Commission in hopes of resolving this dispute.

8. After several hours of mediation, Terry and Invsco were able to enter into a settlement agreement. (Settlement Agreement, attached hereto as Exhibit B.)

9. Paragraph 3 of the Settlement Agreement provided that Invsco would send Terry a letter of apology, as follows:

> That in settlement of this matter, and in full satisfaction of any claims which Complainant has or may have arising out of the subject matter of this dispute, Respondent agrees to a letter of apology, written by Tom Patterson, to resolve this charge. Respondent will send the letter to the Complainant at 4448 West Thomas Street, Apt. 1, Chicago, Illinois 60651.

10. Paragraph 4 of the Settlement Agreement provided that Terry would release Invsco of all claims arising out of the subject matter of his claim of discrimination and harassment, as follows:

> That in consideration of this agreement, Complainant hereby releases said Respondent from all claims or actions arising out of the subject matter of this dispute. Furthermore, if Complainant has filed a charge comprising the same or similar subject matter with the Equal Employment Opportunity Commission, the Complainant agrees not to institute a lawsuit under either Title VII of the Civil Rights Act of 1964, as amended; or under the Age Discrimination in Employment Act of 1967, as amended, (or both, as applicable); and the Americans with Disabilities Act (ADA). This agreement also settles EEOC No.: 21BA71794.

11. Attached as Exhibit A to the Settlement Agreement was a draft of the letter that Tom Patterson was to send.

12. Under Paragraph 5 of the Settlement Agreement, each party had seven days to revoke the agreement, but to do so, the party needed to notify the Illinois Department of Human Rights by August 15, 2007.

13. Terry did not revoke the agreement by August 15, 2007.

14. On or about August 16, 2007, Tom Patterson drafted a letter to Robert Terry. (See Letter to Terry of August 16, 2007, attached hereto as

Exhibit C.) The letter was substantially similar to the letter attached as Exhibit A of the Settlement Agreement.

15. The August 16 Letter was sent via certified mail to the address indicated in the Settlement Agreement.

16. The United States Postal Service attempted to deliver the letter on August 17 and August 23, but it was returned to the Patterson Law Firm on September 27, 2007, as "Unclaimed."

**IHRC Order retaining jurisdiction**

17. On or about September 26, 2007, the Illinois Human Rights Commission entered an order approving the Terms of Settlement and Agreement and dismissing the matter. (Illinois Human Rights Commission Order of September 26, 2007, attached hereto as Exhibit D.)

18. The IHRC retained jurisdiction over this matter for the purposes of enforcement of the Terms of the Settlement Agreement. (Ex. D.)

19. Because the IHRC retained jurisdiction over this matter, this court lack subject matter jurisdiction, and Terry's causes of action must be dismissed as to Invsco pursuant to Rule 12(b)(3).

**No Right to Sue letter was issued as to Invsco.**

20. Because Terry and Invsco entered into a settlement agreement, no right to sue letter was issued in Terry's EEOC Charge Number 21BA71794. No right to sue letter was ever issued as to Terry against Defendant Invsco.

21.     While Plaintiffs' complaint alleges that Terry was issued a right to sue letter on February 21, 2008, this right to sue letter was not issued as to Invsco.  Moreover, Invsco was never given notice of Terry's right to sue.

22.     Terry's claims against Invsco must be dismissed because he did not receive a right to sue letter, a condition precedent to filing a Title VII claim. *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991); *Hill v. Village of Franklin Park*, No. 07 CV 4335, 2008 U.S. Dist. LEXIS, at *11-12 (N.D. Ill. March 11, 2008).

23.     In Plaintiffs' Fourth, Fifth and Sixth Causes of Action, Plaintiffs allege actions based on claims under Title VII against Invsco. "The general rule [is] that a party not named in the EEOC charge cannot be sued under Title VII." *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

24.     Because Terry was never issued a right to sue letter as to Invsco, Terry has not stated a claim upon which relief may be granted.

                                        Respectfully Submitted,

May 20, 2008                            By:   /s/ Kristi L. Brown
                                              Kristi L. Browne

                                        Thomas E. Patterson (3128587)
                                        Kristi L. Browne (6195553)
                                        Attorneys for Plaintiff
                                        The Patterson Law Firm, P.C.
                                        33 N. LaSalle, Suite 3350
                                        Chicago, Illinois 60602
                                        (312) 223-1699