## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN and HARVEY EVERETT, | ) ) ) | 08-C-0579 |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Judge Joan H. Lefkow |
| v. | ) |  |
|  | ) | Magistrate Judge Nolan |
| INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC. and EDY KLEIN, | ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

### DEFENDANT INVSCO GROUP, LTD.'S MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)

Defendant Invsco Group, Ltd., by and through its attorneys, The Patterson Law Firm, PC, and for its Motion for a More Definite Statement states as follows:

1.     This case involves the allegations of four plaintiffs who believe that four defendants discriminated against them based on race.

2.     Plaintiffs complain about incidents that occurred during two separate periods of time, one during which they were employed by Plaza 440 and another during which they were employed by Admiral.  They do not, however, specify the dates that the events took place or who their employer was during the time the events took place.

3.      The plaintiffs' allegations are too vague to inform defendants which claims are being made against them. *See, Goshen Veneer Co., Inc. v. G. &. A. Aircraft, Inc.*, 3 F.R.D. 344, 345 (D. Pa 1944).

4.      In their complaint, plaintiffs make various references to defendants without specifying to which defendants they are referring.

5.      For example, in paragraph 17 of their complaint, plaintiffs state that "[d]uring the Plaintiffs' employment at Plaza 440 and with the Defendants, the Plaintiffs have had good to excellent work performance, with the Plaintiffs having been good, hard-working, and productive employees."

6.      Plaintiffs also make various allegations against defendants without specifying which defendants allegedly committed which acts.

7.      Examples of the vague, insufficient allegations that fail to name the defendant they claim is responsible follow:

　　　　a.      In paragraph 18, plaintiffs state that "Defendants Invsco, the Condo Assoc., and Edy Klein have subjected the Plaintiffs to extremely disparate, adverse, and hostile treatment, and a hostile work environment" and as support state that defendants are responsible for: "issuing the Plaintiffs repeated unwarranted and outrageous written warnings and suspension, and with such disciplines based on deliberately misleading and falsified claimed facts; issuing the Plaintiffs overly harsh disciplines; subjecting the Plaintiffs to repeated

2

verbal hostility, abuse and threats . . . ; repeatedly allowing a white Doorman preferential treatment . . .; criticizing and accusing the Plainitffs of using their sick time and vacation time strategically to enable other Doormen to receive overtime . . .; no longer permitting the Plaintiffs to perform side-jobs for the Plaza 440 tenants on the Plaza 440 property . . ." Plaintiffs state that these allegations are discussed in greater detail within a group written internal discrimination complaint; however, the attached complaint was issued only to "The President and Board Members of the Plaza 440 Condominium Association." It made no reference to Invsco as implied by paragraph 18 of plaintiffs' complaint.

b.    Paragraph 19 of the Complaint states that "Plaintiffs began making internal and external discrimination complaints," but plaintiffs do not indicate to whom the complaints were made.

c.    Paragraph 20 refers to the same letter referenced in Paragraph 18 of plaintiffs' complaint; however, it does not say who performed the acts complained of in the letter.

d.    Paragraph 21 of plaintiffs' complaint is too general, making no specific allegations against any of the defendants.

e.    Paragraph 22 states that plaintiffs made (and expressed support for) their internal complaints of discrimination, but

3

does not state to whom these internal complaints were made. Plaintiffs then state that defendants' transfer of plaintiffs' employment over to Defendant Admiral was done with "a clear goal by Defendants Invsco, the Condo Assoc., and Edy Klein, along with the complicity and active participation of Defendant Admiral, of harassing the Plaintiffs and ultimately attempting to terminate all or most of the Plaintiffs from their employment at the Plaza 440 location," but plaintiffs allege no facts in support of this conclusory statement.

f.   In Paragraph 23, plaintiffs claim that defendants' reasons for transferring Plaintiffs to Admiral were false and pretextual, but do not explain why working for Admiral was discriminatory or retaliatory.

g.   In Paragraph 24, plaintiffs list several alleged adverse actions but do not claim which defendant was responsible for the alleged actions.

h.   In Paragraph 25, plaintiffs allege that Defendant Admiral directed that plaintiffs still work for Invsco and the Condo Assoc. and attached Exhibit B to their complaint; however, the Admiral letter states only that Admiral works for the Association and for Invsco. It does not state that the doormen work for the Association and for Invsco.

4

       i.     Paragraph 29 lists allegations that are specific to the plaintiffs but do not specify which defendant committed the acts of which plaintiffs complain.

       j.     The first three counts of the complaint make allegations against all four defendants without specifying which defendant committed which actions.

8.    "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a . . . more definite statement under Rule 12(e)." *Hilska v. Jones*, 217 F.R.D 16, 25 (D.D.C. 2003).

9.    Plaintiffs should clarify their claims by stating:

     a.  The specific wrongful acts committed;

     b.  Which defendant committed each of the alleged wrongful acts;

     c.  On which date each of the wrongful acts occurred; and

     d.  Where the wrongful acts occurred.

*Id.* at 25-26.

WHEREFORE, Defendant Invesco Group, LTD respectfully requests that this Court grant Defendant's Motion for a More Definite Statement.

5

Respectfully Submitted,

May 20, 2008

By:   /s/ Kristi L. Brown
      Kristi L. Browne

Thomas E. Patterson (3128587)
Kristi L. Browne (6195553)
Attorneys for Plaintiff
The Patterson Law Firm, P.C.
33 N. LaSalle, Suite 3350
Chicago, Illinois 60602
(312) 223-1699