UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

James T. Smith, Robert Terry, Paul Brown,  )
and Harvey Everett,  )
 )
     Plaintiffs,  )   08 C 0579
 )
        v.  )   Judge Joan H. Lefkow
 )
Invsco Group, Ltd.; Plaza 440 Private  )   Magistrate Judge Nan R. Nolan
Residences Condominium Association;  )
Admiral Security Services, Inc.; and Edy  )
Klein,  )
 )
     Defendants.  )

### DEFENDANTS PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION'S AND EDY KLEIN'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Now come Defendants Plaza 440 Private Residences Condominium Association

("Plaza 440") and Edy Klein ("Klein"), by and through their attorneys, and for their

Answer to the Second Amended Complaint state as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking monetary damages and affirmative relief based upon the Defendants' violation of 42 U.S.C. Section 1981 and Title VII of the Civil Rights Act of 1964, as amended by, inter alia, the Civil Rights Act of 1991, for the Defendants' discrimination against, and harassment of, the Plaintiffs due to their race (black), and for the Defendants' retaliation against the Plaintiffs due to their internal and external complaints of discrimination (and based on their support of the discrimination complaints of their fellow black Doormen) in connection with:

> a.     the Defendants' having subjected the Plaintiffs to disparate and adverse terms and conditions of employment (including but not limited to such issues as the Plaintiffs: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected

to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and more); and

b.      the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [sic] also been terminated from Admiral).

**ANSWER:**    Plaza 440 and Klein admit that this is a civil action seeking monetary damages and affirmative relief.  Plaza 440 and Klein further admit that this action is brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended.  Plaza 440 and Klein also admit that Plaintiffs are black.  Plaza 440 and Klein deny each and every remaining allegation and legal conclusion of paragraph 1.

2.      Jurisdiction of this Court over this controversy is invoked under 28 U.S.C. Section 1331 and 28 U.S.C. Sections 1343 (3) and (4).

**ANSWER:**    Plaza 440 and Klein do not contest this court's jurisdiction.

3.      Venue is proper pursuant to 28 U.S.C. Section 1391.

**ANSWER:**    Plaza 440 and Klein do not contest that this court is the proper venue for this action.

4.      All conditions precedent to commencing the Title VII claims herein have been satisfied in that: a. Plaintiffs Smith, Terry, and Brown have filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"); b. the EEOC has issued Right-to-Sue Letters (dated October 26, 2007 and December 10, 2007 to Paul Brown, dated October 29, 2007 and November 20, 2007 to Robert T. Smith, and February 21, 2008 to Terry); and c. Plaintiffs Smith, Terry, and Brown have brought this action within ninety days of their respective receipt of the aforesaid Right-to-Sue Letters.

**ANSWER:**    Plaza 440 and Klein lack sufficient knowledge to form a belief as to the

truth of the allegations in paragraph 4 and demand strict proof thereof.

## THE PARTIES

5.    The Plaintiffs, at all times hereinafter mentioned, were and still are residents and domiciliary of the County of Cook, State of Illinois, specifically residing at the following addresses:

James Smith -      16341 Cottage Grove, South Holland, Illinois 60473
Robert Terry -     4448 W. Thomas, Chicago, Illinois 60651
Paul Brown  -      2404 E. 77th Street, Chicago, Illinois 60649
Harvey Everett -   7130 Ingleside, Chicago, Illinois 60619

**ANSWER:**    On information and belief, Plaza 440 and Klein admit the allegations of

paragraph 5.

6.    Upon information and belief, Defendant Invsco Group, Ltd. (hereinafter "Invsco") is a domestic corporation authorized to do business in the state of Illinois, and is engaged in an industry affecting commerce. Defendant Invsco has employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding year. Defendant Invsco is an "employer" as required by Title VII. Defendant Invsco's principle place of business is located in the County of Cook at 1212 North LaSalle Street, Chicago, Illinois 60610.

**ANSWER:**    Plaza 440 and Klein lack sufficient knowledge to form a belief as to the

truth of the allegations of paragraph 6 and therefore demand strict proof thereof.

6b.    Upon information and belief, Defendant Plaza 440 Private Residences Condominium Association (hereinafter the "Condo Assoc.") is a domestic not-for-profit corporation authorized to do business in the state of Illinois, and is engaged in an industry affecting commerce. Defendant Condo Assoc. has employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding year. Defendant Condo Assoc. is an "employer" as required by Title VII. Defendant Condo Assoc.'s principle place of business is located in the County of Cook at 440 N. Wabash, Chicago, Illinois 60611.

**ANSWER:**    Plaza 440 and Klein deny that Plaza 440 has employed twenty or more

employees for each working day in each of twenty or more calendar weeks in the

current or proceeding year. Plaza 440 and Klein deny the legal conclusions contained in

paragraph 6b.  Plaza 440 and Klein admit the remaining factual allegations of paragraph 6b.

6c.    The Condo Assoc. has been named as a Defendant in this lawsuit due to the Plaintiffs having been advised that the Condo Assoc. was an employer of the Plaintiffs as well as of Defendant Edy Klein (and perhaps of other relevant wrongdoing individuals), and also as a result of the actions, and also failure to act, of the Condo Assoc's Board of Directors and the members of its Board of Directors in power during the relevant time period.

**ANSWER:**    Plaza 440 and Klein admit that, at times, Plaza 440 was an employer of the

Plaintiffs as well as Klein.  Plaza 440 and Klein deny the remaining allegations and legal

conclusion of paragraph 6c.

7.    Upon information and belief, Defendant Admiral Security Services, Inc. (hereinafter "Admiral") is a domestic corporation authorized to do business in the state of Illinois, and is engaged in an industry affecting commerce.  Defendant Admiral has employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding year. Defendant Admiral is an "employer" as required by Title VII.  Defendant Admiral's principle place of business is located in the County of Cook at 5940 West Touhy Avenue, Suite 130, Niles, Illinois 60714.

**ANSWER:**    On information and belief, Plaza 440 and Klein admit that Admiral is a

domestic corporation authorized to do business in the state of Illinois and that its

principal place of business is located in the County of Cook at 5940 West Touhy

Avenue, Suite 130, Niles, Illinois 60714.  Plaza 440 and Klein lack sufficient knowledge

to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore

demand strict proof thereof.

8.    Defendant Edy Klein is, and was at all material times, the Property Manager for Defendants Invsco and the Condo Assoc. at 440 N. Wabash, Chicago, Illinois 60611.  She is sued in her individual capacity.

**ANSWER:**    Plaza 440 and Klein deny that Klein is sued in any capacity other than as

Property Manager at Plaza 440. Plaza 440 and Klein admit the remaining allegations of paragraph 8.

9.    Defendants Invsco and the Condo Assoc. have employed (and also jointly employed) Edy Klein at all times material hereto. Defendants Invsco and the Condo Assoc. are responsible for the acts of Edy Klein while she was acting within the scope of her employment.

**ANSWER:**  Plaza 440 and Klein admit that Plaza 440 and Invsco are responsible for the foreseeable acts of Klein when she is acting within the scope of her employment and/or in furtherance of Plaza 440's and Invsco's business. Plaza 440 and Klein admit that Klein is a joint employee of Plaza 440 and Invsco. Plaza 440 and Klein deny the remaining allegations and legal conclusions of paragraph 9.

10.    During all relevant times, Defendants Invsco, the Condo Assoc., Admiral, and Edy Klein were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and, therefore, were and are "employers" as defined under the federal statutes relied upon herein.

**ANSWER:**  Plaza 440 and Klein admit the allegations and legal conclusions of paragraph 10.

## BACKGROUND

11.    All of the Plaintiffs are black individuals and have worked, or are still working, as Doormen at the building located at 440 N. Wabash, Chicago, Illinois 60611 (hereinafter "Plaza 440").

**ANSWER:**  Plaza 440 and Klein admit the allegations of paragraph 11.

12.    The Plaintiffs commenced their employment as Doormen at Plaza 440 in or about the following dates: James T. Smith - March 8, 1996; Robert Terry - October 9, 1997; Paul Brown - November, 1991; and Harvey Everett - November, 2002.

**ANSWER:**  Plaza 440 and Klein admit that James T. Smith began his employment at Plaza 440 on March 8, 1996. Further answering, Plaza 440 and Klein state that Robert

Terry's date of hire is October 7, 1997; Paul Brown's date of hire is November 1, 1991;

and Harvey Everett's date of hire is October 16, 2002.

13.    Defendant Invsco took over ownership and management of Plaza 440 in or about January, 2005, with Defendant Condo Assoc. being formed and incorporated shortly thereafter, at or about which time Defendants Invsco and the Condo Assoc. became the employer(s), and joint employers, respectively, of all of the Plaintiffs.

**ANSWER:**    Plaza 440 and Klein admit the allegations and legal conclusions of

paragraph 13.

14.    The Plaintiffs, at all times relevant hereto are, or have been, members of the AFL-CIO, Service Employees Local No. 1.

**ANSWER:**    Plaza 440 and Klein admit the allegations of paragraph 14, except to note

that the Service Employees International Union is no longer affiliated with the AFL-

CIO.

15.    The maintenance staff at Plaza 440 are also union employees employed by Invsco and the Condo Assoc., and such maintenance staff temporarily perform the Doormen duties primarily in connection with relieving the Doormen for breaks or, if there is a Doorman shortage, for a particular shift.

**ANSWER:**    Plaza 440 and Klein admit that members of the maintenance staff are

union employees who, on occasion, relieve the Doormen for regularly scheduled

breaks.  Plaza 440 and Klein lack sufficient knowledge to form a belief as to the truth

of the remaining allegations of paragraph 15 and therefore demand strict proof

thereof.

16.    While the Doorman positions at Plaza 440 have been filled overwhelmingly with black individuals (except for an occasional white employee, who is treated better than the plaintiffs), the maintenance staff at Plaza 440 have been comprised overwhelmingly with white and non-black employees.

**ANSWER:**    Plaza 440 and Klein admit that at all times relevant to this Second

Amended Complaint, many of the doorman positions have been filled with Black

men.  Plaza 440 and Klein also admit that the majority of the current maintenance

employees are non-Black.  Plaza 440 and Klein deny the remaining allegations of

paragraph 16.

17.    During the Plaintiffs' employment at Plaza 440 and with the Defendants, the Plaintiffs have had good to excellent work performance, with the Plaintiffs having been good, hard-working, and productive employees. The Plaintiffs also had good to excellent work records prior to Defendants Invsco and Edy Klein coming to be in charge of Plaza 440.

**ANSWER:**    Plaza 440 and Klein lack sufficient knowledge to form a belief as to the

truth of the allegations concerning Plaintiffs' employment prior to January 2005 and

after June 1, 2007 and therefore demand strict proof thereof.  Plaza 440 and Klein deny

the remaining allegations of paragraph 17.

18.    On an ongoing and repeated basis commencing in or about 2006 and continuing to the present time, Defendants Invsco, the Condo Assoc., and Edy Klein have subjected the Plaintiffs to extremely disparate, adverse, and hostile treatment, and a hostile work environment, as compared to how similarly situated white and non-black employees (primarily, but not limited to, the white and non-black maintenance employees and a white Doorman) were treated by such Defendants, with regards [sic] to – amongst [sic] other things - the following:

    a.    issuing the Plaintiffs repeated unwarranted and outrageous written warnings and suspensions, and with such disciplines based on deliberately misleading and falsified claimed facts;

    b.    issuing the Plaintiffs overly harsh disciplines;

    c.    subjecting the Plaintiffs to repeated verbal hostility, abuse and threats (which among other things have placed the Plaintiffs in fear of their persons as well as in fear of losing their employment);

    d.    passing over a more senior part-time/ fill-in black Doorman (Perry Moon) for an available full-time position, as well as irregularly passing him over for fill-in opportunities, in favor of a white individual (Joe Colletti);

e.     repeatedly allowing a white Doorman (Joe Colletti) preferential treatment as compared to the Plaintiffs with regards [*sic*] to, amongst [*sic*] other things, permitting him to leave early from his shift (and have him be relieved by maintenance staff rather than by a Plaintiff Doorman) so that he could get to his other job on time; granting him fill-in time; changing his schedule to his advantage;

f.     criticizing and accusing the Plaintiffs of using their sick time and vacation time strategically to enable other Doormen to receive overtime (which was not the case), but with the maintenance staff having had the same usage practices of their sick time and vacation time yet the Defendants not having similarly criticized or accused the maintenance staff of abusing such time; and

g.     no longer permitting the Plaintiffs to perform side-jobs for the Plaza 440 tenants on the Plaza 440 property (yet permitting white and non-black employees to do so).

This is, in part, discussed in greater detail within a group written internal discrimination complaint dated March 22, 2007, annexed hereto at Exhibit "A".

**ANSWER:** Plaza 440 and Klein state that Exhibit A speaks for itself. Further answering, Plaza 440 and Klein admit that the doormen are not allowed to perform side-jobs for Plaza 440 tenants. Plaza 440 and Klein deny each and every remaining allegation of paragraph 18 and its subparts.

19.     As a result of such aforesaid repeated and ongoing discriminatory abuses as have been listed above, commencing in or about March, 2007 the Plaintiffs began making internal and external discrimination complaints (and commenced supporting the discrimination complaints of their fellow black Doormen).

**ANSWER:** Plaza 440 and Klein deny that any Plaintiff ever initiated an internal complaint of discrimination. Further answering, Plaza 440 and Klein admit that the Plaintiffs initiated external complaints of discrimination with various state and federal agencies. Plaza 440 and Klein deny the remaining allegations of paragraph 19.

20.     In late March, 2007, and as a result of being subjected to repeated racial discrimination, racial harassment, and a racially hostile work environment, in part described above, the Plaintiffs as a group made and delivered a 2-page written internal discrimination complaint against Defendants Invsco, the Condo Assoc., and Edy Klein, dated March 22, 2007 (which was signed by all of the Plaintiffs, with a copy being annexed hereto at Exhibit "A").

**ANSWER:**   Plaza 440 and Klein state that Exhibit A speaks for itself.   Further answering, Exhibit A was never presented to Klein nor was an internal complaint based on Exhibit A ever initiated with Plaza 440 or with Klein.   Plaza 440 and Klein deny the remaining allegations of paragraph 20.

21.     Defendants Invsco, the Condo Assoc., and Edy Klein became aware, and were enraged, by the Plaintiffs' complaints of discrimination, and they endeavored to retaliate against the Plaintiffs for same, and thereafter they then escalated their abusive treatment of the Plaintiffs.

**ANSWER:**   Plaza 440 and Klein deny the allegations of paragraph 21.

22.     In or about May, 2007, and shortly following the Plaintiffs having made (and expressed support for) their internal complaints of discrimination against Defendants Invsco, the Condo Assoc., and Edy Klein, said Defendants in retaliation for same took steps towards, and then acted, to terminate each of the Plaintiffs from their employment with Invsco and the Condo Assoc., and transferred the Plaintiffs' employment over to Defendant Admiral (but with Defendants Invsco, the Condo Assoc., and Edy Klein continuing to have significant input in, and continuing to manipulate and control, the Plaintiffs' employment conditions, disciplines, and terminations).   This was done with a clear goal by Defendants Invsco, the Condo Assoc., and Edy Klein, along with the complicity and active participation of Defendant Admiral, of harassing the Plaintiffs and ultimately attempting to terminate all or most of the Plaintiffs from their employment at the Plaza 440 location - which retaliatory goal has largely succeeded.   This is discussed in greater detail below.

**ANSWER:**   Plaza 440 and Klein admit that, as permitted by the Plaintiffs' collective bargaining agreement, the doorman positions were outsourced to Admiral on June 1, 2007.   Plaza 440 and Klein deny the remaining allegations of paragraph 22.

23.     The  Defendants'  claimed  reasons  for  terminating  the  Plaintiffs'

employment with Invsco and the Condo Assoc. and having their employment transferred to Admiral, was that the Plaintiffs would be given more and better training, and that the Plaintiffs allegedly would receive new uniforms - but none of that has occurred (with this further showing that the Defendants' claimed reasons for such terminations and transfer to Admiral were false and pretextual, with their instead doing this for discriminatory and retaliatory reasons).

**ANSWER:**   Plaza 440 and Klein deny the allegations and legal conclusions of

paragraph 23.

24.    Defendants, by, through, and in connection with their termination of the Plaintiffs' employment and their transferring the Plaintiffs' employment from Defendants Invsco and the Condo Assoc. to Defendant Admiral, caused the Plaintiffs to suffer material adverse actions in part as follows:

a.    the Defendants required the Plaintiffs to apply, and get approved, for PERC (Permanent Employee Registration Card) cards, which was an additional condition of employment. The Plaintiffs had not previously been required to have PERC cards in their employment as Doormen for Defendants Invsco and the Condo Assoc.;

b.    the Defendants unnecessarily required the Plaintiffs to get approved for PERC cards before allowing the individual Plaintiffs to work for Defendant Admiral, thereby resulting in Plaintiffs James Smith and Paul Brown being held out of work, and missing approximately 2-4 weeks of pay while waiting for approval for their PERC cards. In this regards [sic] it should also be noted that:

• Under Section 1240.520 of the Illinois Administrative Code the Plaintiffs under Section e(3) were exempt from the requirement of obtaining a PERC card, and further under Section b even had they not been exempt (which they were) the Defendants at a minimum could have also employed them in a temporary capacity;

c.    the Defendants made the Plaintiffs' employment much more difficult, and contributed to the Plaintiffs being subjected to a more racially and retaliatorily [sic] hostile work environment (to which white and non-black employees, and employees who had not complained of discrimination were not subjected) by, amongst [sic] other things:

i.    deactivating their key cards, which resulted in the Plaintiffs being prevented access to the card reader doors to the alley and rear lobby of the building and to the elevators;

ii.    taking away their key cards (different from the above) that had been used to access and leave the attached garage, as a result of which whenever the Plaintiffs would want to drive into the garage or drive out of the garage (for example at the beginning or end of their shifts) the Plaintiffs would need to call the maintenance staff and wait for the maintenance staff to come and let them into/out of the garage;

iii.    the Plaintiffs were required to sign a document that they would not use the bathrooms on the 8th floor, and the Plaintiffs were not permitted to use the bathrooms on the 8th floor (notably, maintenance staff and other Doormen/ Security Guards from Admiral routinely used, and were permitted to use, those bathrooms)

iv.    the Plaintiffs were subjected to, and required to sign, an employee manual/handbook, and another document, that imposed new and additional conditions and requirements to the Plaintiffs' employment; and [*sic*]

v.    the Defendants changed the Plaintiffs' work schedules (without any stated reason), and when Plaintiffs complained the Defendants falsely claimed that the Plaintiffs had agreed to such changes and not opposed the shift change (which was not the case) and the Defendants also advised in a harsh manner that the Plaintiffs were required to accept the new schedule or they would be out of a job;

vi.    the Defendants required the Plaintiffs to do the security rounds of walking and inspecting the garage looking for dangerous situations (which is what the Plaintiffs did not need to do prior to Admiral coming in, and which were duties that the Defendants did not require to be performed of the other employees of Admiral, who worked at Plaza 440 but not complained of discrimination); and

11

    d.    although the Plaintiffs' job titles remained as Doormen (that they had held for many years) there was ambiguity by the tenants and public as to whether the Plaintiffs were Doormen or Security Guards, and there was less prestige for the Plaintiffs, as a result the Plaintiffs now instead working for a security guard company (Admiral Security Services), the Plaintiffs being required to obtain PERC cards and perform security rounds in the garage, by the above-listed restrictions on their movement, and by Admiral using security guards to fill in for open Doormen shifts.

**ANSWER:**    Plaza 440 and Klein object to paragraph 24 as failing to conform to Fed. R. Civ. P. 8(e), which requires pleadings to be concise and direct and therefore, move to strike same from the Second Amended Complaint.  Notwithstanding this objection, Plaza 440 and Klein deny that anything in this paragraph qualifies as a materially adverse employment action.   Further answering, Plaza 440 and Klein state that beginning in December 2006, the doormen were required to complete a walk-though of the parking garage and log the rounds in the front desk log book.  Plaza 440 and Klein lack knowledge sufficient to form a belief as to the remaining allegations of paragraph 24 and all of its subparts in that each deals with the period of time after the Plaintiffs were employed by Admiral.

    25.    Although Defendants Invsco, the Condo Assoc., and Edy Klein caused the Plaintiffs' employment, as provided above, to be terminated from Invsco and the Condo Assoc., and then transferred to Admiral, Defendant Admiral verbally and in a writing dated June 1, 2007 (entitled "General Instructions") directed that the Plaintiffs still work for Invsco and the Condo Assoc., and were to always follow the direct instructions of the Building Manager, Defendant Edy Klein.  In this regards [sic] see Exhibit "B".

**ANSWER:**    Plaza 440 and Klein state that Exhibit B speaks for itself.   Further answering, Plaza 440 and Klein admit that they, along with Invsco, set and maintain guidelines for the day-to-day operations of Plaza 440.  Admiral is a vendor of Plaza

440 and thus, on information and belief has adopted these guidelines.  On information

and belief, Admiral requires Plaintiffs to adhere to these guidelines.  Plaza 440 and

Klein deny the remaining allegations of paragraph 25.

26.    Defendants Invsco, the Condo Assoc., and Edy Klein acted covertly to
hide their continued, and escalated, discrimination and retaliation against the
Plaintiffs behind, and through, their having Admiral be the Plaintiffs' direct employer.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 26.

27.    From the time Admiral became the Plaintiffs' employer in or about June,
2007 the racial discrimination, racial harassment, racially hostile work environment,
and retaliation committed against the Plaintiffs by Defendants Invsco, the Condo
Assoc., Admiral, and Edy Klein, greatly escalated, with the Defendants making it clear
that the Plaintiffs were not wanted at Plaza 440 and that the Defendants were going to
take purposeful steps to cause the Plaintiffs' employment to be terminated.  In this
regards [sic] see, in part, the following:

    a.    much of the disparate, hostile, and adverse conduct that the Plaintiffs
were being subjected to referenced above in paragraph 18 continued, and
even increased in severity and outrageousness (particularly with regards
[sic] to disciplines and harsh and hostile language);

    b.    the Plaintiffs began being subjected to the conduct referenced in
paragraph 24;

    c.    the Defendants actively engaged in surveillance of the Plaintiffs, looking
for grounds to discipline and terminate the Plaintiffs' employment, but
with the Defendants largely, and repeatedly, ignoring and disregarding
the repeated abuses of similarly situated white and non-black employees
as well as the repeated abuses of black employees who had not
complained of discrimination;

    d.    the Defendants actively attempted to disparately and negatively paper,
and distort, the Plaintiffs' personnel files with unwarranted and
excessive disciplines towards attempting to provide a pretextual
justification for their termination of the individual Plaintiffs'
employment; and

    e.    within a few months of Defendant Admiral being brought in to Plaza 440
the Defendants terminated, and caused to be terminated, the longterm
[sic] employment of two of the four Plaintiffs (Robert Terry and Paul

Brown) from their employment at Plaza 440, with this occurring for clearly pretextual, racially discriminatory, and retaliatory reasons.

**ANSWER:** Plaza 440 and Klein lack sufficient knowledge to form a belief as to the truth of the allegations that directly reference Plaintiffs' employment with Admiral and therefore, demand strict proof of same. Further answering, Plaza 440 and Klein deny all remaining allegations and legal conclusions in paragraph 27 and its subparts.

28. On or about June 5, 2007 Robert Terry filed an IDHR Charge of Discrimination against Defendant Invsco. On or about May 21, 2007 and June 6, 2007 Plaintiff James T. Smith filed IDHR Charges of discrimination against Defendant Invsco. On or about June 7, 2007 and August 2 and 8, 2007 Plaintiff Brown filed IDHR Charges of race discrimination and retaliation against the Defendants.

**ANSWER:** Plaza 440 and Klein admit that Plaintiff Brown filed an IDHR charge of discrimination against Plaza 440. Plaza 440 and Klein lack sufficient knowledge to form a belief as to the remaining allegations of paragraph 28 and therefore demand strict proof thereof.

29. Beyond the above, some additional examples, but not all, of the Defendants' extremely disparate, adverse, and hostile treatment of the Plaintiffs, and the hostile work environment that the Plaintiffs have been subjected, as compared to how similarly situated white and non-black employees - as well as employees who did not complain of race discrimination - were treated, also include the following:

James T. Smith

    a.     the Defendants actively engaged in issuing him repeated, unwarranted, and exaggerated, write-ups and a 3-day suspension;

    b.     on or about March 20, 2007 the Defendants made a clearly unwarranted allegation against him that he had committed sexual harassment - which was clearly not the case - with the Defendants disciplining him for this. By contrast, when white and non-black employees, and employees who had not complained of discrimination made abusive, sexually harassing, or racially harassing statements to individuals at Plaza 440 - which occurred repeatedly - the Defendants repeatedly turned a blind eye to

this, and even when it was further brought to their attention they repeatedly did not issue disciplines and did not suspend such offending individuals;

c.      the Defendants verbally threatened him;

d.      the Defendants purposely disregarded his Lead Doormen position;

**ANSWER:**    Plaza 440 and Klein deny all allegations in paragraph 29 and the

subparts referencing James T. Smith.

<u>Robert Terry</u>

a.      the Defendants actively engaged in issuing him repeated, unwarranted, and exaggerated, write-ups and suspensions;

b.      comencing [sic] in or about November, 2006 and continuing to in or about June, 2007 the Defendants changed his shift, repeatedly requiring him to work back-to-back shifts, but refused to pay him swing shift money that was required to be paid and that was paid to other individuals;

c.      on or about January 15, 2008 the Defendants suspended him pending termination, and then subsequently terminated his employment effective January 16, 2008, and caused him to be terminated, from his 10-year employment at Plaza 440 for a clearly false, pretextual reason, and based on false claimed facts that the Defendants knew and/or reasonably should have known were false and that did not warrant either discipline or termination;

d.      the Defendants required him to travel to Admiral's Niles offices for his January 25, 2008 grievance meeting with regard to the issue of his termination (whereas in the past the grievance meetings had been held at Plaza 440);

**ANSWER:**    Plaza 440 and Klein lack sufficient knowledge to form a belief as to the

truth of the allegations regarding Terry's termination and January 25, 2008 grievance

meeting and therefore, demand strict proof thereof. Plaza 440 and Klein deny the

remaining allegations and legal conclusions in paragraph 29 and the subparts relating

to Robert Terry.

### Paul Brown

a.    on or about July 19, 2007 the Defendants looked at a week's worth of videotapes in an attempt to catch Plaintiff Brown sleeping, while for a long period of time Defendants purposely and knowingly ignored and disregarded that another Doorman (Lawrence Littlejohn), who had not complained of discrimination, was repeatedly sleeping on the job. The Defendants were not writing up Mr. Littlejohn for this, and only belatedly acted to terminate such individual's employment after several months of such repeated sleeping on the job by Mr. Littlejohn, and after the tenants were repeatedly complaining;

b.    on or about August 5, 2007, and despite his good work-record, the Defendants without valid justification quickly terminated him, and caused him to be terminated, from his almost 17-year employment for a false, exaggerated, and pretextual reason and based on false claimed facts that the Defendants knew were false (with a non-black similarly situated employee who had not complained of discrimination, and who was directly involved in the matter, and had engaged in that same conduct and more that was used by the Defendants as a basis to terminate Plaintiff Brown's employment, not having had his employment terminated by the defendants);

**ANSWER:**    Plaza 440 and Klein deny the allegations and legal conclusions in

paragraph 29 and the subparts referencing Paul Brown.

### Harvey Everett

a.    in or about July 5, 2006 the Defendants, without valid justification, issued him a written discipline in connection with a lock-up form, in which the address was incorrect - but where the apartment number had been rewritten and such writing was clearly not his handwriting;

b.    when Defendant Admiral came in the Defendants changed his schedule from Saturdays 7 am - 3 pm to instead be on Mondays 11 pm - 7 am. This caused him a hardship because he had a full-time job, and it was very difficult to get to such job with this schedule. When he told this to the Defendants they advised that he had to take this new schedule or he would be out of a job;

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 29, subparagraph a, concerning Harvey Everett.  Plaza 440 and Klein deny that they changed Harvey Everett's schedule after June 1, 2007.  Plaza 440 and Klein lack sufficient knowledge to form a belief as to the truth of the remaining allegations of paragraph 29, subparagraph b, concerning Harvey Everett and therefore, demand strict proof thereof.

30.    The    Defendants'    conduct    toward    the    Plaintiffs    was    racially discriminatory, racially harassing, constituted a hostile work environment, and was retaliatory for the Plaintiffs' complaints of discrimination (as well as retaliatory for the Plaintiffs' support of the discrimination complaints of their fellow black Doormen). To have treated such hardworking and productive black employees in such an adverse and hostile manner sends a terrible message as to the type of companies that Defendants Invsco, the Condo Assoc., and Admiral are in the Chicago area and in Illinois.

**ANSWER:**    Plaza 440 and Klein deny the allegations and legal conclusions of paragraph 30.

31.    Based on the foregoing, and more, the Plaintiffs charge Defendants Invsco, the Condo Assoc., Admiral, and Edy Klein with unlawful discriminatory practices, harassment, and retaliation, relating to the Plaintiffs' employment, the terms and conditions of their employment, and the terminations of their employment, because of their race (black) and because of their complaints of discrimination and their support of the discrimination complaints of their fellow black Doormen.

**ANSWER:**    Plaza 440 and Klein admit that Plaintiffs base this Second Amended Complaint on allegedly discriminatory practices, harassment and retaliation.  Further answering, Plaza 440 and Klein deny that they engaged in any of the discriminatory practices, harassment or retaliation alleged herein.

## AS AND FOR A FIRST CAUSE OF ACTION

(42 U.S.C. 1981 - race discrimination)
(brought by all 4 Plaintiffs against all 4 Defendants)

32.    The Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat [*sic*].

**ANSWER:**   Plaza 440 and Klein incorporate their responses to the paragraphs above as if fully set forth herein.

33.    The Plaintiffs are/were union employees of Defendants Invsco, the Condo Assoc., and Admiral, with the Plaintiffs' employment relationship with the Defendants having been created/guided by a written contract of indefinite term, and with the contractual relationship having incorporated certain terms and conditions from Defendants' employment policies and employment manuals and the collective bargaining agreement (i.e. - nondiscrimination, seniority, work-rules, etc.).

**ANSWER:**   Plaza 440 and Klein admit that Plaintiffs were represented by a union from January 2005 until June 1, 2007.  Plaza 440 and Klein lack sufficient knowledge to form a belief as to the truth of the remaining allegations and legal conclusions in paragraph 33 because they are incomprehensible.

34.    The Plaintiffs had and have a contractual relationship with Defendants Invsco, the Condo Assoc., and Admiral, in connection with their employment, within the meaning of 42 U.S.C. Section 1981.

**ANSWER:**   Plaza 440 and Klein admit that Plaintiffs were represented by a union from January 2005 until June 1, 2007.  Plaza 440 and Klein lack sufficient knowledge to form a belief as to the truth of the remaining allegations and legal conclusions in paragraph 33 because they are incomprehensible.

35.    Defendants Invsco, the Condo Assoc., Admiral, and Edy Klein have intentionally subjected the Plaintiffs to unequal and discriminatory treatment, and discriminated against, and harassed, the Plaintiffs based upon their race (black), in the terms and conditions of their employment (including but not limited to being

repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and more), and in connection with the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and with two of the Plaintiffs having thusfar [sic] also been terminated from Admiral), all in violation of 42 U.S.C. Section 1981.

**ANSWER:**    Plaza 440 and Klein admit that the Plaintiffs Brown and Terry have been

terminated from Admiral.    Plaza 440 and Klein deny the remaining allegations and

legal conclusions of paragraph 35.

36.    By reason of the Defendants' discrimination against the Plaintiffs, the Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 36.

37.    Further, said actions on the part of the Defendants were intentional, willful, and malicious conduct and/or in reckless disregard for the Plaintiffs' rights as secured by 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, giving rise to punitive damages.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 37.

WHEREFORE, Defendants Plaza 440 Private Residences Condominium

Association and Edy Klein pray this Honorable Court dismiss the Second Amended

Complaint with prejudice in its entirety and for such other relief as this Court deems

just.

## AS AND FOR A SECOND CAUSE OF ACTION

(42 U.S.C. 1981 - racial harassment and racially hostile work environment)
(brought by all 4 Plaintiffs against all 4 Defendants)

38.     The Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

**ANSWER:**   Plaza 440 and Klein incorporate their responses to the paragraphs above

as if fully set forth herein.

39.     Defendants Invsco, the Condo Assoc., Admiral, and Edy Klein by their actions and inactions have caused and created a longterm [*sic*] racially hostile work environment that unreasonably interfered with the terms and conditions of the Plaintiffs' employment and the Plaintiffs' performance of their job, and that created an unreasonably racially hostile and coercive working environment, in connection with, inter alia, being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and with two of the Plaintiffs having thusfar [*sic*] also been terminated from Admiral); and more; all in violation of 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:**   Plaza 440 and Klein admit that the Plaintiffs Brown and Terry have been

terminated from Admiral.   Plaza 440 and Klein deny the remaining allegations and

legal conclusions of paragraph 39.

40.     The Defendants' actions subjected the Plaintiffs to a repeated and longterm [*sic*] racially hostile work environment in violation of 42 U.S.C. section 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:**   Plaza 440 and Klein deny the allegations and legal conclusions of

paragraph 40.

41.    By reason of the Defendants' actions in intentionally subjecting the Plaintiffs to racial harassment, and a racially hostile work environment, the Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

**ANSWER:**    Plaza 440 and Klein deny the allegations in paragraph 41.

42.    Further, said actions on the part of the Defendants were intentional, willful, and malicious conduct and/or in reckless disregard for the Plaintiffs' rights as secured by 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, giving rise to punitive damages.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 42.

WHEREFORE, Defendants Plaza 440 Private Residences Condominium Association and Edy Klein pray this Honorable Court dismiss the Second Amended Complaint with prejudice in its entirety and for such other relief as this Court deems just.

## AS AND FOR A THIRD CAUSE OF ACTION

(42 U.S.C. 1981 - retaliation)
(brought by all 4 Plaintiffs against all 4 Defendants)

43.    The Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

**ANSWER:**    Plaza 440 and Klein incorporate their responses to the paragraphs above as if fully set forth herein.

44.    Defendants Invsco, the Condo Assoc., Admiral, and Edy Klein have intentionally retaliated against the Plaintiffs based upon their internal and external complaints of discrimination (and based on their support of the discrimination complaints of the other Plaintiffs), in the terms and conditions of their employment, in connection with, <u>inter alia</u>: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having

additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [*sic*] also been terminated from Admiral); and more, all in violation of 42 U.S.C. Section 1981.

**ANSWER:**    Plaza 440 and Klein admit that the Plaintiffs Brown and Terry have been

terminated from Admiral.  Plaza 440 and Klein deny the remaining allegations and

legal conclusions of paragraph 44.

45.    By reason of the Defendants' retaliation against the Plaintiffs, the Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 45.

46.    Further, said actions on the part of the Defendants were intentional, willful, and malicious conduct and/or in reckless disregard for the Plaintiffs' rights as secured by 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, giving rise to punitive damages.

**ANSWER:**    Plaza 440 and Klein deny the allegations of paragraph 46.

WHEREFORE, Defendants Plaza 440 Private Residences Condominium

Association and Edy Klein pray this Honorable Court dismiss the Second Amended

Complaint with prejudice in its entirety and for such other relief as this Court deems

just.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Title VII - race discrimination)
(brought by Plaintiffs Smith, Terry, and Brown against Defendant Invsco)

47.    Plaintiffs Smith, Terry and Brown repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

48.    Defendant Invsco has intentionally discriminated against Plaintiffs Smith, Terry and Brown based upon their race, in the terms and conditions of their employment, in connection with, <u>inter</u> alia: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [*sic*] also been terminated from Admiral); more, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seg., as amended by, <u>inter</u> alia, the Civil Rights Act of 1991.

49.    By reason of Defendant Invsco's discrimination against Plaintiffs Smith, Terry, and Brown, said Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

50.    Further, said actions on the part of Defendant Invsco were intentional and willful conduct, giving rise to punitive damages.

**ANSWER:**    Paragraphs 47 – 50 are not directed toward Plaza 440 or Klein and

therefore, neither party makes an answer thereto.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Title VII - racial harassment and hostile work environment)
(brought by Plaintiffs Smith, Terry, and Brown against Defendant Invsco)

51.    Plaintiffs Smith, Terry, and Brown repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

52.    Defendant Invsco has intentionally harassed Plaintiffs Smith, Terry and Brown based upon their race, and created a racially hostile work environment, in the terms and conditions of their employment, in connection with, <u>inter</u> alia: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and

demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [sic] also been terminated from Admiral); and more, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et sec ., as amended by, inter alia, the Civil Rights Act of 1991.

53.    By reason of Defendant Invsco's discrimination against Plaintiffs Smith, Terry, and Brown, said Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

54.    Further, said actions on the part of Defendant Invsco were intentional and willful conduct, giving rise to punitive damages.

**ANSWER:**    Paragraphs 51 - 54 are not directed toward Plaza 440 or Klein and therefore, neither party makes an answer thereto.

### AS AND FOR A SIXTH CAUSE OF ACTION

(Title VII - retaliation)
(brought by Plaintiffs Smith, Terry, and Brown against Defendant Invsco)

55.    Plaintiffs Smith, Terry, and Brown repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

56.    Defendant Invsco has intentionally retaliated against Plaintiffs Smith, Terry and Brown based upon their internal and external complaints of racial discrimination (and based on their support of the discrimination complaints of the other black Doormen), in the terms and conditions of their employment, in connection with, inter alia: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [sic] also been terminated from Admiral); and more, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et sec ., as amended by, inter

alia, the Civil Rights Act of 1991.

57.    By reason of Defendant Invsco's retaliation against Plaintiffs Smith, Terry, and Brown, said Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

58.    Further, said actions on the part of Defendant Invsco were intentional and willful conduct, giving rise to punitive damages.

**ANSWER:**    Paragraphs 55 – 58 are not directed toward Plaza 440 or Klein and therefore, neither party makes an answer thereto.

## AS AND FOR A SEVENTH CAUSE OF ACTION

(Title VII - retaliation)
(brought by Plaintiffs Terry and Brown against Defendant Admiral)

59.    Plaintiffs Terry and Brown repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

60.    Defendant Admiral has intentionally retaliated against Plaintiffs Terry and Brown based upon their internal and external complaints of racial discrimination (and based on their support of the discrimination complaints of the other black Doormen), in the terms and conditions of their employment, in connection with, inter alia: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and in the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar [sic] also been terminated from Admiral); and more, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq., as amended by, inter alia, the Civil Rights Act of 1991.

61.    By reason of Defendant Admiral's retaliation against Plaintiffs Terry and Brown, said Plaintiffs have suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to their damage.

62.    Further, said actions on the part of Defendant Admiral were intentional and willful conduct, giving rise to punitive damages.

**ANSWER:**  Paragraphs 59 – 62 are not directed toward Plaza 440 or Klein and therefore, neither party makes an answer thereto.

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs have failed to state a claim against Plaza 440 and Klein pursuant to 42 U.S.C. § 1981.

2.    Plaintiffs have failed to state a claim against Plaza 440 and Klein for punitive damages.

3.    Some or all of the Plaintiffs claims are barred by the equitable doctrine of unclean hands.

4.    Some of all of the Plaintiffs' claims are barred by the equitable doctrine of laches.

5.    Some or all of the Plaintiffs' claims are barred by their failure to mitigate their damages.

6.    Some of all of Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

WHEREFORE, Defendants Plaza 440 Private Residences Condominium Association and Edy Klein pray that this Honorable Court dismiss the Second Amended Complaint with prejudice in its entirety and for and award of costs and attorney's fees and for such other relief as this Court deems just.

Dated:        May 21, 2008

Respectfully Submitted,

Plaza 440 Private Residences Condominium
Association and Edy Klein

_____ s/ Bradford A. LeHew _____
One of Their Attorneys

Carrie A. Durkin (3123299)
Bradford A. LeHew (6280452)
Litchfield Cavo, LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
312-781-6610 (Durkin)
312-781-6680 (LeHew)
312-781-6630 (Fax)
durkin@litchfieldcavo.com
lehew@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I electronically filed the foregoing **DEFENDANTS PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION'S AND EDY KLEIN'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

By:    s/ Bradford A. LeHew

Carrie A. Durkin (3123299)
Bradford A. LeHew (6280452)
Litchfield Cavo, LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
312-781-6610 (Durkin)
312-781-6680 (LeHew)
312-781-6630 (Fax)
durkin@litchfieldcavo.com
lehew@litchfieldcavo.com