UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN, AND HARVEY EVERETT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -against- | ) ) ) | 08-C-0579 |
| | ) | Judge Joan H. Lefkow |
| INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC., AND EDY KLEIN, | ) ) ) ) ) | Magistrate Judge Nolan |
| Defendants. | ) ) ) | |

**PLAINTIFF ROBERT TERRY'S RESPONSE
IN OPPOSITION TO DEFENDANT INVSCO'S MOTION TO DISMISS**

Plaintiff Robert Terry, by counsel, hereby submits the following response in opposition to Defendant Invsco Group, Ltd.'s Motion to Dismiss, filed on May 20, 2008, and provides as follows:

1. Defendant Invsco's motion to dismiss is without merit.

2. Defendant's motion to dismiss contains several seriously erroneous and misleading statements and allegations - described below - and which, upon a review of the accurate facts, as well as the caselaw, reveals that there is no merit to Defendant's motion and that it should be denied. In particular:

- Invsco claims, at para. 21 of its motion, that while Plaintiff Terry in the Federal Complaint alleges that a Right-to-Sue ("RTS") Letter was issued on February 21, 2008, that no RTS Letter was issued as to it - which is wrong as indeed such RTS Letter was issued as to it (a copy of the EEOC Charge, dated

1

       February 12, 2008, and the corresponding RTS Letter that the EEOC chose to issue, dated February 21, 2008, are annexed hereto at Exhibit "A");[1]

- Invsco apparently also would have this Court believe that because Plaintiff Terry signed a settlement agreement at the IDHR on August 10, 2007 that contained a release that according to Invsco "released his claims" (para. 4 of its motion), that allegedly his Title VII claims also must be dismissed, even though it was not a general release but rather a very narrow release (see Exhibit "B" to its motion), and even though the January 16, 2008 termination of his employment, and other events, occurred after the date of the aforesaid settlement agreement;  and

- Invsco claims (without citing any caselaw), at para. 4 of its motion, that because Plaintiff Terry signed a settlement agreement of his June 6, 2007 IDHR Charge, and the Illinois Human Rights Commission ("IHRC") thereafter issued an Order entered September 26, 2007 that the IHRC would retain jurisdiction for purposes of enforcement of the Terms of the Settlement Agreement", that this somehow results in this Court lacking subject matter jurisdiction over his Title VII claims, apparently even those Title VII claims that were beyond the scope of his narrow IDHR Charge (verbal harassment based on race) and those Title VII claims that arose after the date of the IDHR Charge and after the date of the settlement agreement.

I. **Invesco's Motion Pursuant to FRCP Rule 12(b)(6)**

   **i. Overview of the Law**

      3. Defendant Invsco has moved to dismiss Plaintiff Terry's Title VII claims against it under FRCP Rule 12(b)(6), for an alleged failure to state a claim (due to no RTS Letter allegedly having been issued against it - which as shown above and at Exhibit "A" is incorrect) and/or for an alleged lack of subject matter jurisdiction (in connection with the aforesaid release).

---

[1] It should be noted that Mr. Terry's EEOC Charge and the EEOC RTS Letter list Invsco as American Invsco Group. The legally correct name for Invsco currently, according to the Illinois Secretary of State's office, is Invsco Group, Ltd. (see the first page of Exhibit "B"). That a Claimant such as Mr. Terry would have used a similar but not exactly correct name for Invsco and file his EEOC Charge against his 10-year employer, listing it as American Invsco Group, is particularly understandable, with this issue being addressed in detail at paragraphs 7a-d below.

4. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert,* 344 F.3d 655, 657 (7th Cir.2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir.2004) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

5. FRCP Rule 12(b)(6) permits a motion to dismiss a complaint to be made on the basis of a failure to state a claim upon which relief can be granted. To defeat such a motion, and state such a claim upon which relief can be granted, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level". *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.

**ii. The EEOC did issue the Right-to-Sue Letter as to Invsco**

6. In the situation here, and with regards to the issue of the RTS Letter, at para. 4 of the Second Amended Complaint, Plaintiff Terry has alleged that the EEOC issued a RTS Letter to Mr. Terry dated February 21, 2008. Notwithstanding this, Defendant Invsco has alleged in its motion to dismiss that no RTS Letter was issued by the EEOC as to it. Yet, as previously discussed and shown above, the EEOC did issue a RTS Letter to Plaintiff Terry as to Defendant Invsco, which RTS Letter is dated February 21, 2008 (see Exhibit "A" annexed hereto). Accordingly, this part of Invsco's motion to dismiss has no merit and should be denied.

7. To the extent that Invsco may claim in reply papers that in both Plaintiff Terry's February 12, 2008 EEOC Charge and the resulting EEOC RTS Letter that his employer was listed as "American Invsco Group" and not its current legally correct name, "Invsco Group, Ltd." - which Invsco has not yet claimed in their motion[2] - it should be noted that under the circumstances herein it is particularly understandable that a Claimant such as Mr. Terry would have used a similar but not exactly correct name for Invsco in filing his EEOC Charge against his 10-year employer, listing it as American Invsco Group, in that:

    a. Invsco previously officially went by the name "American Invsco Group, LLC" with the Illinois Secretary of State's office (see the second page of Exhibit "B") - note also that as shown by the two pages of Exhibit "B" that the same person, Steven E. Gouletas, who was the Registered Agent for American Invsco Group, LLC is the listed President for Invsco Group, Ltd.;

---

[2] In the event Invsco attempts to later argue it in its reply papers that this name issue should result in any of Mr. Terry's claims being barred, then we urge either that Invsco should be barred from so arguing it in this motion, or alternatively that Plaintiff's counsel be afforded a full opportunity to respond to what they allege on this point in their reply papers.

4

    b. Mr. Terry, in his prior IDHR Charge dated June 6, 2007, had filed the IDHR Charge against American Invsco Group (annexed to Invsco's motion at Exhibit "A" therein), with Invsco Group, Ltd. not only having appeared in that matter, but they even signed the settlement agreement (apparently misleadingly) as "American Invsco Group" without correcting the record (see Exhibit "B" to Invsco's motion);

    c. Both Mr. Terry's February 12, 2008 EEOC Charge (Exhibit "A") and his June 6, 2007 IDHR Charge (annexed to Invsco's motion at Exhibit "A" therein) list the same address for Invsco, to wit: 1212 N. LaSalle Street, Chicago, Illinois 60610; and

    d. As this litigation goes forward, during depositions or through affidavits, it will become clear that Invsco currently is still known and frequently referred to as still being American Invsco Group.

**ii. Invsco's motion to dismiss, on the grounds of the release, should be denied**

8. On the issue of the release, the assertion of a release is an affirmative defense. Fed.R.Civ.P. 8(c); *Myricks v. Federal Reserve Bank of Atlanta,* 480 F.3d 1036, 1043 (11th Cir.2007). Thus even if a release would preclude a federal claim it does not deprive the Court of subject matter jurisdiction over the claim. *Stephen H. v. West Contra Costa County Unified School District,* 2007 WL 1557482 (N.D.Cal.). Moreover, and as provided by the U.S. Supreme Court in *Bell Atlantic*, 127 S.Ct. at 1965, 1975 n. 14, in order to defeat Defendant Invsco's motion to dismiss Plaintiff Terry need only show, with all reasonable inferences in his favor, that the allegations in the Complaint must plausibly suggest that he has a right to relief, raising that possibility above a "speculative level". See also *Stephen H*,

5

at *2 (denying the motion to dismiss and providing "Nor have Defendants demonstrated that, at this current pleading stage, all of the federal claims must be dismissed as a matter of law under Fed.R.Civ.P. 12(b)(6) based on the face of the language of the release in the settlement agreement");  *In re Fruehauf Trailer Corporation,* 250 B.R. 168, 196 (D.Delaware 2000).

     9.  In *Kopystecki v. Quality Books, Inc.,* 1992 WL 345037  at *2 and 3 (NDIL) Chief Judge Moran, in ruling that the release in issue there (which likewise was not a general release) did not bar the plaintiff's discrimination claims, provided:

> "[A] release will not waive Title VII claims unless it meets the following three requirements: 1) it must be unambiguous; 2) the employee must knowingly and voluntarily consent to the release; and 3) the release must be supported by consideration. *Id.* at 372-75."   [citing *Riley v. American Family Mutual Insurance Company,* 881 F.2d 368, 372-75 (7th Cir.1989)
>
> "Defendants contend the releases should be enforced as written because there is no ambiguity within the four corners of the documents.  We disagree. In Illinois, ambiguity exists when either the agreement itself is unclear or when--although the agreement itself is clear—"anyone familiar with the real-world context of the agreement would wonder what it meant with reference to the particular question that has arisen." *Federal Deposit Insurance Corp. v. W.R. Grace & Company,* 877 F.2d 614, 620 (7th Cir.1989), *cert. Denied* 494 U.S. 1056 (1990).   As defendants point out, a contract is ambiguous if it is capable of more than one meaning.  *MacDonald-Smith v. FMC Corp.,* 713 F.Supp. 264, 268 n. 2 (N.D.Ill.1989), *aff'd* 902 F.2d 37 (7th Cir.1990). "

     10.  In *Richardson v. LaSalle Bank,* 2008 WL 111298 *3 (NDIL) Judge Marovich, in ruling that the release in issue there (which likewise was not a general release) did not bar the plaintiff's discrimination claims, provided:

> "Under Illinois law, a release is a contract and is governed by contract law. *Loberg v. Hallwood Realty Partners,* 323 Ill.App.3d 936, 941, 257 Ill.Dec. 394, 753 N.E.2d 1020, 1024 (1st Dist.2001).  A court must enforce the release agreement as it is written. *Rakowski v. Lucente,* 104 Ill.2d 317, 84 Ill.Dec. 654, 472 N.E.2d 791, 794 (Ill.Sup.Ct.1984). "[T]he rights of the parties are limited to the terms expressed in the agreement and a release will not be construed to release claims not within the contemplation of the parties." *Loberg,* 257 Ill.Dec. 394, 753 N.E.2d at 1024.

> In this case, the settlement agreement Richardson signed explicitly releases "any and all liability related to or connected to this lawsuit or the claims asserted therein." This is not a general release of *all* claims Richardson had at the time (as defendant argued), but a specific release of all claims "related to or connected to this lawsuit or the claims asserted therein."[3]

11.  Here, there are several well-founded reasons for why the release does not entirely bar Plaintiff Terry's Title VII and 42 U.S.C. Section 1981 claims.  First of all, while the settlement agreement that contained the release was signed on August 10, 2007, Plaintiff Terry's employment as a Doorman at Plaza 440 continued beyond that time and, amongst other things, Plaintiff Terry has claimed within the Complaint that Invsco discriminated against him due to his race as well as retaliated against him for his having participated in internal and external protected activity, ultimately culminating in their[4] terminating his employment on January 16, 2008  -  which was months after the aforesaid date of the settlement agreement.  (note that a release can be valid as to claims arising "on or before" the date it is signed, but would not be valid as to any future discriminatory or retaliatory acts. *Rogers v. General Elec. Co.,* 781 F.2d 452, 455 (5th Cir.1986), which only makes good common sense as to such post-release claims).

12.  A second reason for why the release does not entirely bar Plaintiff Terry's Title VII and 42 U.S.C. Section 1981 claims is because it was a particularly narrow release  -  not a general release  -  and the scope of the current Federal lawsuit (which includes race

---

[3] Notably, the release contained in the August 10, 2007 settlement agreement that Mr. Terry signed is even more narrow than the release in Richardson, in that the release that Mr. Terry signed provided that "Complainant hereby releases said Respondent from all claims or actions arising out of the subject matter of this dispute." (see Exhibit "B" to Invsco's motion), with Plaintiff's IDHR Charge having alleged just verbal harassment during the period October 24, 2006 to June 5, 2007 (see Exhibit "A" to Invsco's motion).

[4] Recall that this matter involves a joint employer situation, in which all four of the named Defendants were, and still are,  at the Plaza 440 location  -  and we have alleged that Invsco, Plaza 440 Private Residences Condominium Association, and Edy Klein were acting by and through Admiral Security Services, Inc.  See, for example, para. 25 – 27 of the Complaint, Exhibit "B" to the

7

discrimination, retaliation for internal and external claims of race discrimination continuing through to the January 16, 2008 termination of his employment) far exceeds that of the very narrow IDHR Charge (verbal harassment to June 5, 2006).  For the same reasons as listed in *Kopystecki* and in *Richardson*, on this issue, and as further discussed at footnote 3 herein, the narrow release that Mr. Terry signed should not result in Mr. Terry's lawsuit  -  or any significant part thereof  -  being dismissed on Invsco's motion to dismiss.  Plaintiff Terry's IDHR Charge was a narrow charge, making no reference to discrimination or to retaliation or even to written harassment, and given the narrow language of the release an ambiguity exists whether such narrow release would cover those additional claims  -  and as such the release should not be interpreted to bar such claims and Invsco's motion to dismiss should be denied on these grounds too.

13. A third reason for why the release may not bar Plaintiff Terry's Title VII and 42 U.S.C. Section 1981 claims herein is that there was an absence of consideration. *Riley, Id.* at 372-75.  Invsco did not pay any money in connection with the settlement agreement and release.  Invsco did agree to give Mr. Terry a written apology, but a review of the apology letter reveals that Invsco did not admit anything for which it was apologizing, but rather merely confirmed that it had not accused Mr. Terry of sexual harassment and acknowledged that they do not believe that Mr. Terry had been guilty of sexual harassment, and that "We regret any implication that you may have felt to the contrary." (see Exhibit "C" to Invsco's motion).

14. Here, with regards to the release Plaintiff Terry at a minimum has clearly at least plausibly raised the possibility that he has a right to relief above the "speculative level", and

---

Complaint, as well as paragraph 9 of Plaza 440 Private Residences Condominium Association's Answer to the Complaint.

therefore Invsco's motion to dismiss should be denied.  *Bell Atlantic, supra*, *Stephen H, supra*, and *In re Fruehauf Trailer Corporation, supra*.

**Invesco's Motion Pursuant to FRCP Rule 12(b)(3)**

16. Defendant Invsco has also moved to dismiss Plaintiff Terry's Title VII claims against it under FRCP Rule 12(b)(3) - "Improper Venue" - although nowhere in its papers does it specifically even use the word "venue", and Invsco doesn't cite any caselaw in support of its position.

16. As previously mentioned above, Invsco is apparently asserting that because the IHRC issued an Order entered September 26, 2007 (which was after Plaintiff Terry had entered into the August 10, 2007 settlement agreement), that the IHRC would "retain jurisdiction for purposes of enforcement of the Terms of the Settlement Agreement", that this somehow results in this Court lacking either subject matter jurisdiction or venue over his Title VII claims, apparently even those Title VII and 42 U.S.C. Section 1981 claims that were beyond the scope of his narrow IDHR Charge (verbal harassment based on race) and those Title VII and 42 U.S.C. Section 1981 claims that arose after the date of the IDHR Charge and after the date of the settlement agreement - which assertion by Invsco understandably is without caselaw support and certainly should not result in this Court lacking subject matter jurisdiction and venue over Plaintiff Terry's Title VII and 42 U.S.C. Section 1981 claims (with subject matter jurisdiction being well-founded under 28 U.S.C. Section 1331 and 28 U.S.C. Sections 1343 (3) and (4), and with venue being well-founded and proper pursuant to 28 U.S.C. Section 1391).

17. It should also be noted that the IDHR settlement agreement that Mr. Terry signed (Exhibit "B" to Invsco's motion) does not even mention that the IHRC would retain jurisdiction over Plaintiff Terry's claims.

18. Nor too does the subsequent, post-agreement Order of the IHRC (Exhibit "D" to Invsco's motion) provide that the IHRC is retaining exclusive jurisdiction (or for that matter "venue" - as that is what this part of Invsco's motion is apparently claiming. The IHRC Order also does not provide that Plaintiff Terry cannot in the future bring any Title VII or 42 U.S.C. claims in federal court.

19. Accordingly, Defendant Invsco's motion to dismiss on the basis of improper venue has no merit and should be denied.

WHEREFORE, it is respectfully requested that for the reasons provided herein that Defendant Invsco's motion to dismiss should be denied in its entirety.

Respectfully submitted,

By: /s/ David Porter
    David Porter

DAVID PORTER, ESQ.
Attorney for the Plaintiffs
11 S. LaSalle Street - Suite 1000
Chicago, Illinois 60603
(312) 236-1207