UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN and HARVEY EVERETT, <br><br> Plaintiffs, <br><br> v. <br><br> INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC. and EDY KLEIN, <br><br> Defendants. | 08-C-0579 <br><br> Judge Joan H. Lefkow <br><br> Magistrate Judge Nolan |

**DEFENDANT INVSCO GROUP, LTD.'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF TERRY'S CLAIMS
PURSUANT TO FRCP 12(B)(6) AND 12(B)(1)**

Defendant Invsco Group, Ltd., by and through its attorneys, The Patterson Law Firm, PC, and for its Reply in Support of Motion to Dismiss Plaintiff Terry's Title VII Claims Pursuant to FRCP 12(b)(6) and 12(b)(1) states as follows:

Right to Sue Letter

To its Response to Invsco's Motion to Dismiss, Terry attaches a Charge of Discrimination naming American Invsco Group dated February 12, 2008, and a Right to Sue letter dated February 21, 2008, indicating a carbon copy to American Invsco Group. As Terry acknowledges in his response brief and by his attachment of the LLC and Corporation File Detail Reports from the

Secretary of State of Illinois, American Invsco Group, LLC and Invsco Group, Ltd. are different entities. American Invsco Group, the company named in the charge and the Right to Sue letter, was dissolved in March of 2002.

"Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 2008 U.S. App. LEXIS 11244 (7th Cir. 2008). The exception to the rule occurs where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Id.* Invsco did not raise the issue of the incorrectly named party in its motion to dismiss because it had no knowledge of Terry's Right to Sue against any Invsco entity, dissolved or otherwise, when it filed its Motion to Dismiss. Invsco Group, Ltd., received no notice of Terry's Charge of Discrimination made in February of 2008 and received no notice of Terry's right to sue. When it received the lawsuit, Invsco Group Ltd.'s attorney contacted the EEOC to ask whether a Right to Sue letter had been issued against it, and the EEOC would not release any information about the charge because Invsco Group, Ltd. was not a named party. Because Invsco Group, Ltd. was not named as a respondent in Terry's second EEOC charge and received no notice of the charge or any right to sue, the Title VII claims against Invsco Group, Ltd. must be dismissed.

A right to sue American Invsco Group should not somehow be applied to Invsco Group, Ltd. Terry's claim that Invsco previously officially went by the name "American Invsco Group, LLC" is incorrect. American Invsco

2

Group, LLC was a limited liability company that was dissolved on March 30, 2002. Invsco Group, Ltd., on the other hand, is a corporation that was incorporated June 12, 1991. The settlement agreement entered into with regard to Terry's first charge of discrimination was prepared by the Illinois Department of Human Rights based on the information provided by the Complainant. While Invsco Group, Ltd. happened to become aware of Terry's first EEOC charge and agreed to settle it despite the fact that it was filed against the wrong entity and mailed to the incorrect address, Invsco Group, Ltd. did not waive its right to proper notice of EEOC charges and Right to Sue letters issued against it. "The purpose of requiring exhaustion of administrative remedies in Title VII cases is to place the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC." *Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003). Invsco was denied this opportunity by Terry's failure to name it as a party to the charge.

      Terry claims that it was "particularly understandable" that he would have used a similar but not exactly correct name for Invsco in filing his EEOC charge. The timing of the filing of the charge, however, indicates that Terry's attorney was involved in filing the EEOC charge. As demonstrated by his Response brief, a simple LLC search would have revealed to Terry and his attorney that American Invsco Group was not the property party to the charge. Because Invsco Group, Ltd. was not named in the charge and had no

3

notice of the Charge or of Terry's Right to Sue, all claims by Terry in Counts 4, 5, and 6, against Defendant Invsco Group, Ltd. should be dismissed in their entirety.

Settlement Agreement

All of Plaintiff Terry's claims in Counts 4, 5, and 6, against Defendant Invsco Group, Ltd. should be dismissed. The claims arising from actions that occurred on or before the date of the Settlement Agreement should be dismissed because Terry signed a release of the claims. The claims arising from actions that occurred after the date of the Settlement Agreement should be dismissed because Admiral was Terry's employer at the time of the alleged incidents.

On June 6, 2007, Terry filed a charge of discrimination naming dates of discrimination of 10/24/06 to 06/06/2007. A settlement agreement was signed by Terry on August 10, 2007. Contrary to Terry's assertions that the release was "narrow," Terry released all claims or actions arising out of the subject matter of the dispute and agreed not to institute under Title VII a charge comprising the same or similar subject matter with the EEOC. All of Terry's claims against Invsco arising prior to August 10, 2007, relate to the same or similar subject matter raised in the charge and released by the Settlement Agreement.

Contrary to Terry's assertion that the settlement agreement lacked consideration, Terry was issued a written apology, the contents of which he agreed to prior to signing the settlement agreement, as consideration. The

Illinois Department of Human Rights acknowledged this when it approved the terms of the settlement agreement and issued the order dismissing the matter. Because "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement is insufficient," *Taylor v. Gordon Flesch Co.,* 793 F.2d 858, 863 (7th Cir. 1986), Terry's claims should be dismissed.

On June 1, 2007, Admiral Security Services became Terry's employer. As to any claims arising after May 31, 2007, Admiral was the employer. Terry's Counts 4, 5, and 6 against Invsco should, therefore, be dismissed.

<u>Lack of Subject Matter Jurisdiction</u>

Invsco inadvertently miscited the rule for dismissal for lack of subject matter jurisdiction in its Motion to Dismiss. Invsco moves to dismiss for lack of subject matter jurisdiction (not venue) under FRCP 12(b)(1). As stated above, on August 10, 2007, Terry and Invsco entered into a settlement agreement whereby Terry released all claims or actions arising out of the subject matter of the dispute and agreed not to institute under Title VII a charge comprising the same or similar subject matter with the EEOC. The IDHR retained jurisdiction over the settlement agreement with respect to those claims, and Terry did not receive a Right to Sue letter for the claims. This court, therefore, does not have jurisdiction over the claims.

Invsco ceased its employment of Terry on May 31, 2007. Because Terry released his claims against Invsco relating to the same or similar subject matter of Terry's first charge of discrimination on August 10, 2007,

and the IDHR retained jurisdiction over those matters, because Terry did not receive a Right to Sue Letter on the claims released by the August 10, 2007 release, and because Admiral became Terry's employer on June 1, 2007, Terry has no remaining claims Title VII claims against Invsco. All claims in Terry's Counts 4, 5, and 6, which relate to any alleged actions of Invsco should, therefore, be dismissed.

WHEREFORE, Defendant Invsco Group, Ltd. respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff Terry's claims pursuant to FRCP 12(B)(6) and 12(b)(1).

Respectfully Submitted,

June 4, 2008

By: /s/ Kristi L. Brown
    Kristi L. Browne

Thomas E. Patterson (3128587)
Kristi L. Browne (6195553)
Attorneys for Defendant Invsco
   Group, Ltd.
The Patterson Law Firm, P.C.
33 N. LaSalle, Suite 3350
Chicago, Illinois 60602
(312) 223-1699