UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN, AND HARVEY EVERETT,<br><br>           Plaintiffs,<br><br>-against-<br><br>INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC., AND EDY KLEIN,<br><br>           Defendants. | 08-C-0579<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Nolan |

## PROTECTIVE ORDER

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, and for good cause shown, it is hereby ordered that:

1.    A party may designate as Confidential only information (including, but not limited to, any and all identifying and/or personal information concerning tenants, owners or Board members at 440 N. Wabash or personnel, medical, attendance, discipline, or financial documents, and/or information concerning Admiral Security Services, Inc., Invsco Group Ltd. or its affiliates, or Plaza 440 Private Residences Condominium Association, and their employees other than Plaintiffs, and commercial information) which that party in good faith believes is not generally known and not publicly available, and which that party generally would not disclose to third parties in the absence of confidentiality understandings. A party may designate as Confidential such documents by typing or stamping Confidential on each page of the documents for which Confidential treatment is desired. With respect to copies of those documents selected by an inspecting party's counsel and turned over to inspecting party's counsel, those documents



then bearing the Confidential stamp (and the confidential information contained therein) shall continue to be entitled to receive Confidential treatment pursuant to the terms of this Order. At depositions taken in this litigation, a party may obtain Confidential treatment as defined in this Order for testimony concerning Confidential information by so advising the court reporter during the course of that testimony for which Confidential treatment is desired or by so advising opposing counsel in writing within 21 calendar days of receipt of the transcript. Until such 21 calendar days have run, the entire transcript shall be treated as Confidential. The reporter shall separately transcribe the testimony so designated, bind therewith the confidential exhibits to which the testimony refers and mark the face of the bound transcript with the words Confidential Pursuant to Court Order.

2. Any and all documents and information described in paragraph 1 hereof that have been marked Confidential (hereinafter referred to as "confidential materials"), which are produced in this lawsuit shall be treated as strictly confidential and shall not be used or disclosed to anyone except in connection with litigation of this case.

3. Parties may allow inspection of confidential materials only by themselves ~~(except as specified in paragraph 4 below)~~, counsel of record for the parties, paralegal and clerical employees of the parties' counsel, designated persons retained by the parties to furnish expert services or advice or to give expert testimony in this action, photocopy firms, court reporters, and deposition witnesses produced pursuant to notice by either Plaintiffs or Defendants. Any additional disclosure by the parties of such confidential materials shall take place only pursuant to agreement of counsel, or absent agreement, pursuant to an Order of this Court upon motion duly made.

4. If any party objects to the designation of information or documents as "Confidential" under this Protective Order, that party shall so notify the other party in writing.

The notice shall identify the challenged designation and shall state the reason or reasons for the objection. At any time within thirty (30) days from the receipt of such notice (or such further time as may be agreed between the parties), the party seeking protection shall move the Court for a protective order specifically covering the disputed material, or the designation as "Confidential" shall expire. The designation of the information as confidential shall be maintained until final ruling on the application by this Court.

5. ~~A party may also designate as "confidential-counsel eyes only" certain highly sensitive information, such as confidential complaints about doormen at 440 N. Wabash, e-mails or other documentation discussing said confidential complaints or personnel files involving persons not a party to this lawsuit. In the event a document is so designated, parties will not be permitted to review the document. In the event a party's counsel disagrees with the foregoing designation, he will notify the other party in writing of the objection, stating the reasons. At any time within 30 days from receipt of said notice (or such further time as may be agreed upon between the parties), the party objecting to the "confidential-counsel eyes only" designation may, if it so desires, shall move the Court to strike or modify the material's designation. If a motion is not timely filed, the disputed material shall be considered "confidential-counsel eyes only," and shall remain confidential under the other terms of this Order. The designation of the information as "confidential-counsel eyes only" shall be maintained until final ruling by this Court on any application.~~

6. Prior to the disclosure of any confidential materials pursuant to paragraph 3 hereof, counsel shall inform the person to whom the confidential materials are being disclosed that neither the materials nor contents thereof may be disclosed to third parties, that the confidential materials must remain in that person's custody until returned to counsel, that the materials are being disclosed pursuant to the terms and restrictions of a protective order, and that

Document ID: 481396.1  8/21/2008 2:19:26 PM

that person may not use the confidential materials or contents thereof except for the purpose of this action and as permitted by this Order or further order of this Court.

7. Any designated person retained by a party to furnish expert services or advice or to give expert testimony in this action who is to obtain access to confidential materials as described in paragraph 1 pursuant to this Order and in line with paragraph 3 shall, prior to the receipt of such confidential materials, file a written statement with the Court submitting to this Court's jurisdiction for the purpose of enforcing this Order.

8. Within thirty (30) days after the entry of a final judgment or other conclusion of this action, including appeals or petitions for review, counsel shall return all copies of the confidential materials hereunder to counsel for the party which produced the documents. With respect to any notes, summaries, digests and synopses of confidential materials prepared by counsel, the same shall be subject to this Order both during the pendency of this action and after final judgment is entered herein. However, counsel need not return said notes, etc., so long as they are kept in counsel's case file.

9. The termination of proceedings in this action shall not relieve any person to whom confidential materials have been disclosed from the obligations of this Order, unless the Court orders otherwise.

10. No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

If a party is granted leave to file a document under seal, it must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file.

11. In the event that any confidential materials subject to this Order are used in any Court proceeding herein, they shall not lose their confidential status through such use, and the parties shall take steps reasonably required to protect their confidentiality during such use.

12. Nothing contained herein shall prejudice the rights of Plaintiffs or Defendants to object to the admissibility of the confidential materials subject to this Order for any reason permissible under applicable law. The parties also do not waive any privilege or objections which they may have regarding these confidential materials in agreeing to this Order.

13. The terms of this Order shall continue unless and until modified and/or terminated by further order of this Court or by agreement of the parties.

Dated: August __, 2008

_____
Joan H. Lefkow
United States District Judge

APPROVED:

/s/Robert H. Brown
_____
Robert H. Brown
Laner Muchin Dombrow Becker
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, IL 60610
(312) 467-9800
(312) 467-9479 (fax)

One of the Attorneys for Defendant Admiral Security Services, Inc.


/s/Kristi L. Browne
_____
Kristi L. Browne
The Patterson Law Firm P.C.
33 North LaSalle Street, Suite 3350
Chicago, IL 60602
312-223-1699

One of the Attorneys for Defendant Invsco Group Ltd.

/s/Bradford A. LeHew
Bradford A. LeHew
Litchfield Cavo
303 West Madison Street, Suite 300
Chicago, IL 60606
312-781-6677

One of the Attorneys for Defendants Plaza 440 Private Residences Condominium Association and Edy Klein


/s/David Porter
David Porter
11 South LaSalle Street - Suite 1000
Chicago, IL 60603
312-236-1207

Attorney for the Plaintiffs