UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SMITH, ROBERT TERRY, PAUL BROWN, AND HARVEY EVERETT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -against- | ) ) ) | 08-C-0579 |
| | ) | Judge Joan H. Lefkow |
| INVSCO GROUP, LTD., PLAZA 440 PRIVATE RESIDENCES CONDOMINIUM ASSOCIATION, ADMIRAL SECURITY SERVICES, INC., AND EDY KLEIN, | ) ) ) ) ) | Magistrate Judge Nolan |
| Defendants. | ) | |

**THE PLAINTIFFS' RESPONSE IN OPPOSITION
TO THE DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER
CONTAINING "COUNSEL EYES ONLY" LANGUAGE**

The Plaintiffs, by their counsel, hereby submits the following response in opposition to the Defendants' joint motion for a protective order and their proposed version of the protective order (Exhibit "A" to their motion), which contains overly restrictive "Counsel Eyes Only" language, and provide as follows:

1. The Defendants' motion contains several misleading statements - described below - which, upon a review of the accurate facts, reveals that their request for "Counsel Eyes Only" language in the Protective Order will serve to unnecessarily drive a wedge between the Plaintiffs and their counsel and will substantially interfere with counsel's ability to represent his clients, the Plaintiffs herein. Accordingly, the version of the Protective Order suggested by Plaintiffs' counsel (Exhibit "B" to the Defendants' motion), should instead be selected by Your Honor.

1

2. Within the Defendants' motion, at para. 1, the Defendants understate and inaccurately represent what this case is about, claiming that this is an action merely alleging race discrimination and retaliation:

> "arising out of scheduling their shifts and various disciplinary actions taken against them arising from on-the-job misconduct, and/or poor job performance."

3. Yet in contrast to the Defendants' aforesaid claim about what this case is about, within paragraph 1 of the Plaintiffs' Second Amended Complaint we had more fully provided as follows:

> "1. This is a civil action seeking monetary damages and affirmative relief based upon the Defendants' violation of 42 U.S.C. Section 1981 and Title VII of the Civil Rights Act of 1964, as amended by, inter alia, the Civil Rights Act of 1991, for the Defendants' discrimination against, and harassment of, the Plaintiffs due to their race (black), and for the Defendants' retaliation against the Plaintiffs due to their internal and external complaints of discrimination (and based on their support of the discrimination complaints of their fellow black Doormen) in connection with:
>
> a. the Defendants' having subjected the Plaintiffs to disparate and adverse terms and conditions of employment (including but not limited to such issues as the Plaintiffs: being repeatedly issued unwarranted, outrageous, and overly harsh disciplines; being subjected to repeated verbal hostilities, abuses, and threats; being subjected to poorer, and changed, shift times, schedules and fill-in opportunities; being subjected to restrictions on outside work opportunities; having new requirements added to the Plaintiffs' continuing their employment; having additional, more difficult, and demeaning restrictions and conditions placed on the Plaintiffs' performance of their employment and on their workday; and more); and
>
> b. the Defendants' termination of the Plaintiffs' employment (with all of the Plaintiffs having been terminated from Invsco and the Condo Assoc., and with two of the Plaintiffs having thusfar also been terminated from Admiral)."

4. Within the Defendants' motion, at para. 6, the Defendants also inaccurately claim that with regards to the "Counsel Eyes Only" provision contained in their proposed version of the Protective Order, that:

> "Plaintiffs' ability to prosecute this matter will not be limited by this provision."

5. In fact, such "Counsel Eyes Only" designation will indeed severely interfere with Plaintiffs' counsel's ability to properly and effectively, and without undue interference, represent his client, the Plaintiffs herein.

6. More specifically, this is a discrimination and retaliation case in which a primary way for the Plaintiffs to show discrimination and retaliation will be to show that the Defendants have subjected the Plaintiffs to disparate, adverse, and hostile treatment, and a hostile work environment, as compared to how similarly situated non-black employees and employees who did not complain of discrimination were more favorably treated by the Defendants (for example in this regards see paragraphs 18a-g, 29-30, 35, 39, and 44 of the Plaintiffs' Second Amended Complaint).

7. Yet the Defendants, as admitted within paragraph 5 of their motion, intend to designate as "Counsel Eyes Only", and intend to prevent the Plaintiffs from seeing and being informed about the disciplinary history and disciplines issued to those similarly situated other employees - thereby preventing Plaintiffs' counsel from being able to fully communicate with his clients to effectively compare and contrast, and without undue interference and undue restriction, the Plaintiffs' fact specific treatment to that of such similarly situated employees, towards attempting to prove the Plaintiffs' discrimination and retaliation claims. Without Plaintiffs' counsel being able to have in-depth and complete conversations and

communications with the Plaintiffs on this topic Plaintiffs' counsel will be severely and unduly handicapped in proving Plaintiffs' case - which may very well be the Defendants' intention. Here, the Defendants through their version of the Protective Order seek to prevent Plaintiffs' counsel from communicating with his clients about such disciplines and thereby seek to unduly interfere with Plaintiffs' counsel's representation of his clients, and undermine our prosecution of this matter - which Your Honor should not condone.

8. Beyond the above, the Defendants' proposed Protective Order overly broadly and vaguely provides that they can designate "certain highly sensitive information" as "Counsel Eyes Only", yet the Defendants never specify in their proposed Protective Order the parameters of what documents this would include - which open-endedness is far too broad and is in violation of the Seventh Circuit's caselaw on this issue. *See Citizens First National Bank v. Cincinnati Ins. Co.,* 178 F.3d 943 (7th Cir. 1999).

9. Additionally, it should be noted that within the Defendants' proposed Protective Order the Defendants seek to require Plaintiffs' counsel, if he disagrees with any documents that have been designated "Counsel Eyes Only", to first give written notice of such objection to the Defendants' counsel and then within 30 days make a motion to strike or modify such designation - or else such documents shall forever be designated as "Counsel Eyes Only". Separate and apart from the above paragraphs that well-show that the Defendants' request in their motion for there to be "Counsel Eyes Only" designations should be denied by Your Honor, there also is no valid reason for a 30 day time limit in making such a motion and, second of all, requiring Plaintiffs' counsel to first give written notice and then make a motion (and all the while such documents and information will continue to be "Counsel Eyes Only" until this Court rules otherwise) will further delay and interfere with Plaintiffs' counsel's

4

prosecution of this case - and this is particularly the case, and a concern, with the discovery deadline in this case (December 31, 2008) fast approaching.

10. Furthermore, with regards to the fast approaching December 31, 2008 discovery cut-off in this case, we have a very big concern - and Your Honor should also be informed and aware - of the approximately 2+ months of procedural and discovery delays that Plaintiffs' counsel believes has been caused by the Defendants in connection with this Protective Order issue ultimately coming before Your Honor. More specifically in this regards:

- two months ago, on July 16th, Bradford LeHew (counsel for Plaza 440 and Edy Klein) by e-mail had first raised the issue to me of wanting a protective order, and he had requested that we discuss this the following day by telephone. That phone conversation did take place the next day, with my advising that in principle I did not dispute there being a protective order, and with Mr. LeHew advising that he would prepare an initial draft of the protective order.

- Almost two weeks later, on the evening of July 28th - after several follow-ups by me - Mr. LeHew finally e-mailed to me his draft of the Protective Order. The following morning (July 29th) I e-mailed him back revisions to his draft of the protective order.

- But that same morning (July 29th) Mr. LeHew advised that all of the Defendants wanted to confer amongst themselves regarding the drafting of a protective order and that they would get back to me at some unspecified point in time.

- It then took three more weeks - and repeated follow-ups by me - to August 21st to finally get from the Defendants' counsel their revised draft of the Protective Order, which draft was even more restrictive than their initial draft, and which returned the "Counsel Eyes Only" language that I had previously removed in my revised draft.

- It should be noted also that throughout this time, and to present, the Defendants have been using the fact that there is no agreed Protective Order as a claimed basis to withhold from production discovery - both documents and interrogatory responses - that I requested back on June 30th.

5

- On Friday August 22nd, the day following my receiving the Defendants' revised draft of the Protective Order, I promptly sent an e-mail to the Defendants' counsel requesting that a Rule 37.2 conference be held on the following Monday. That conference did take place on August 25th, with it being agreed that Mr. LeHew would make a motion submitting the Defendants' version and my version of the proposed Protective Order for Your Honor's consideration and ruling. Mr. LeHew then made that motion, but did not make the return date until over 3 weeks later, to September 16th - further delaying the Plaintiffs' receipt of discovery in this matter.

The above - which reveals that discovery in this case has been delayed approximately 2+ months - is also laid out in detail in an e-mail that I sent to the Defendants' counsel on August 22, 2008 (a copy of which is annexed hereto as Exhibit "A").

11. Lastly, and for all of the foregoing, we urge that the Defendants' proposed draft of the Protective Order containing "Counsel Eyes Only" language should be rejected, and instead that the version of the Protective Order suggested by Plaintiffs' counsel (Exhibit "B" to the Defendants' motion) should be selected.

WHEREFORE, it is respectfully requested that for the reasons provided herein that Your Honor reject the Defendants' proposed draft of the Protective Order containing "Counsel Eyes Only" language, and instead approve the version of the Protective Order suggested by Plaintiffs' counsel (Exhibit "B" to the Defendants' motion) and that Your Honor issue such other and further Orders as Your Honor deems just and proper.

Respectfully submitted,

By: /s/ David Porter
    David Porter

DAVID PORTER, ESQ.
Attorney for the Plaintiffs
11 S. LaSalle Street - Suite 1000
Chicago, Illinois 60603
(312) 236-1207