# David Porter

| | |
|---|---|
| From: | "David Porter" <DPorterLaw@ameritech.net> |
| To: | "Brown, Robert" <rbrown@lanermuchin.com> |
| Cc: | <Lehew@litchfieldcavo.com>; <Kbrowne@pattersonlawfirm.com> |
| Sent: | Friday, August 22, 2008 11:38 AM |
| Subject: | Re: Second Revised Protective Order_v1.DOC--Smith et al. |

Robert, Bradford, and Kristina:

We are apparently going around in circles and are at an impasse regarding the protective order that you three counsel are requesting on behalf of the Defendants.

Over three weeks ago, on July 28th, I had made revisions to Bradford's initial draft of the protective order that I had finally after several requests received the night before. In my draft I had specifically added that the Plaintiff's could review confidential documents and I had taken out the language regarding for "Counsel Eyes Only" - as this would interfere with my being able to communicate with my clients regarding factual matters important to this litigation and would interfere with my being able to adequately represent my clients.

Now, after repeated follow-ups by me Robert has forwarded to me yesterday evening (8/21) an entirely new version of a protective order (in PDF rather than in word as I had specifically requested in my e-mail from 2 days ago, thereby preventing me from making proposed revisions to his draft onto the document) that mainly had two substantive differences to my revised draft from July 28 - it returned the "Counsel Eyes Only" language that I had previously removed, and it now made it more difficult to file motions or response papers containing documents designated confidential (in my draft they could be filed under seal, but in Robert's version a motion would first need to be made for leave to file such documents under seal). I am not agreeable to either of these changes.

At this point because I am not agreeable to your version of the protective order and you are apparently not agreeable to my revised version of the protective order, we are at an impasse.

Because the Defendants are apparently using this protective order issue to delay production of documents that I have requested almost 2 months ago (on June 30th), and with Bradford having first raised the issue of wanting a protective order on July 16th and it is still not resolved despite my best efforts, I am hereby requesting a Rule 37.2 conference preliminary to my making a motion to compel production of documents and interrogatory responses to the extent that such documents and information is being withheld on the basis of there not being an agreed to protective order.

I suggest that the Rule 37.2 conference be held on Monday at my office at 4:00 pm. Alternatively, it could be held by telephone provided someone else can arrange a conference call for 4 individuals. Please advise if this suggested date and time is agreeable to you and whether you want to do it in person or by telephone.

----- Original Message -----
From: Brown, Robert
To: David Porter
Cc: Lehew@litchfieldcavo.com ; Kristina M. Ash ; vic@admiralsecuritychicago.com ; adsecchicago@aol.com
Sent: Thursday, August 21, 2008 6:35 PM
Subject: Second Revised Protective Order_v1.DOC--Smith et al.

9/10/2008

David-

Attached is a new proposed Protective Order which, with one caveat, has been approved by all defense counsel. The caveat is a stylistic change in the description of confidential information in par. 1. I suspect the others will agree, but cannot represent that until I get confirmation. Per our discussion earlier today, I am transmitting this to you to expedite the approval process. Also, as we discussed, this one is different than the Agreement tendered to you earlier by Bradford. However, I had not seen that version and had some different ideas.

In any event, one thing you will notice is reference to "attorneys eyes only." That is important to defendants since we will be producing confidential information regarding residents and other employees of defendants. Two of your clients are still working at Plaza 440. We think it could be disruptive and an invasion of the third parties' privacy to allow any Plaintiff access to the information. If you want to discuss this issue further, speak with Kristi Ash.

I will let you know when I have approval from the others on par. 1. Though I would hope you have no further changes (since it will certainly further delay entry of the Order), if you do, please circulate to the three defense counsel. Otherwise, please efile and send courtesy copies to the judge (once I have confirmed the changes). After efiling, I can request the judge's clerk to present it to the judge without the need for us to all appear.

Bob

This transmission may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.

If you received this transmission in error, please contact the sender and delete the material from any computer immediately. Thank you.

Robert H. Brown
Laner, Muchin, Dombrow, Becker, Levin & Tominberg.
Tel: (312)467-9800,  Fax: (312)467-9479
515 No. State St.          E-mail: rbrown@lanermuchin.com
Suite 2800
Chicago, IL 60654-4688

<<Second Revised Protective Order_v1.pdf>>

9/10/2008